ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:24-cr-00421-AMO |
| Plaintiff, | **GOVERNMENT'S DETENTION MEMORANDUM** |
| v. | **Courtroom:** 4 |
| TERRANCE KING, | **Hearing Date**: August 16, 2024 |
| Defendant. | **Hearing Time**: 10:30 a.m. |

## I. INTRODUCTION

Defendant Terrance King is a felon—twice convicted of crimes involving firearms—who has spent more than a decade in prison and is now charged with possessing a firearm as a felon. In the instant case, Mr. King is accused of possessing a loaded AK-style pistol, only days after being released from prison (after being paroled on a 17-year sentence for assault with a firearm with a gang enhancement) and subsequently cutting off his ankle monitor, absconding from Southern California, and then attempting to flee from officers at the time of his arrest. In 2012, Mr. King was also sentenced to 16 months in prison for possessing a firearm as a prohibited person. Despite multiple firearms convictions and the restrictive conditions of his supervision, Mr. King continues to commit crimes and acquire firearms. Mr. King's multiple convictions and the facts of the instant case leave no doubt that he has no intention of following any court orders and that he presents a clear flight risk and a serious danger to the community. It is imperative that he remain detained pending trial.

## II. BACKGROUND

### a. King—A Convicted Felon and Gang Leader—Removed His Ankle Monitor and Absconded Three Days After His Release From Prison and Subsequently Possessed a Loaded AK-style Pistol and Two Boxes of Ammunition.

In the instant case, a federal grand jury returned an indictment charging Mr. King with a violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm. Mr. King is recognized by law enforcement as high-ranking member of an Oakland-based gang, and his previous conviction for assault with a firearm included a gang enhancement. On July 1, 2024, only three days after his release from prison on parole, an arrest warrant issued for Mr. King after he removed his ankle monitor and absconded from Southern California.

On July 10, 2024, the United States Marshal Service Task Force located Mr. King in San Leandro, identified themselves as law enforcement, and attempted to arrest Mr. King. Mr. King fled on foot and continued to flee even after an agent deployed a taser. When Mr. King was eventually apprehended, agents located in the duffel bag he carried a loaded AK-style pistol with a 30-round magazine and two boxes of ammunition, for a total of 52 rounds of ammunition.

//
//

The following photos show the gun and ammunition recovered from in and around the duffel bag:



After being read his *Miranda* rights, Mr. King acknowledged that he possessed the gun for protection.

### b. King Has Previously Been Convicted of Two Crimes Involving Firearms and Another For Human Trafficking of a Minor

Mr. King has previously been convicted of multiple felonies, including two felonies involving firearms. In 2013, he was sentenced to 17 years in prison following a conviction for assault with a firearm (Penal Code section 245(a)(2)) with sentencing enhancements for committing the crime as part of a gang and personally using a firearm.) In 2013, Mr. King also pled guilty to coercing a minor to engage in commercial sex. As noted above, he was released on parole on June 28, 2024, and absconded only three days later. And in 2012, only a year prior to those convictions, Mr. King was sentenced to 16 months in prison for possessing a firearm as a prohibited person. (Penal Code section 12021(a)(1)).

### c. The Firearm Possessed by King Has Been Linked to Three Other Shootings in Oakland (All of Which Occurred Prior to King's Release from Prison)

A preliminary correlation review of shell casings fired from the AK-style pistol possessed by Mr. King generated investigative leads to the shell casings found at the scene of three other shootings that

occurred in Oakland. One such case, a suspected attempted murder (the widely publicized Juneteenth shooting at Lake Merritt in Oakland) occurred on June 19, 2024. The second case, a suspected assault with a firearm, occurred on April 15, 2024. And the third case, another suspected attempted homicide, occurred on March 11, 2024.

### III. LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### IV. MR. KING PRESENTS A CLEAR FLIGHT RISK

As a term of his parole, Mr. King was required to remain in Southern California and to wear a GPS ankle monitor. Nonetheless, within days of his release, Mr. King removed his ankle monitor and absconded.

Further, at the time of his arrest, Mr. King refused to submit to law enforcement after they identified themselves, and instead attempted to flee, and continued to flee even after a taser was

deployed.

Mr. King's conduct almost immediately following his release from prison makes clear that he will flee from law enforcement.  The strict conditions of parole (including GPS monitoring) were insufficient.  There are no conditions this Court can impose to mitigate the risk of flight.

## V. KING'S CONTINUOUS CRIMINAL CONDUCT PROVES THAT HE IS A DANGER TO THE COMMUNITY

The United States submits that no condition or combination of conditions will protect the public should he be released from custody.

### a. The Nature and Circumstances of the Offense Weigh in Favor of Detention

Mr. King's possession of a semi-automatic firearm with a large capacity magazine—while on parole for a violent firearms offense which occurred just after the completion of his imprisonment for *another* offense involving a firearm—makes clear the danger he poses to the community.  Despite repeated arrests and convictions, Mr. King—who has a known history of assault with a firearm—continues to show that he is unwilling to stop acquiring loaded semiautomatic weapons, all while under court-mandated supervision.

The nature and circumstances of the offense leave no doubt that, if released from custody, Mr. King would continue to acquire semiautomatic firearms.

### b. Nature and Seriousness of the Danger to the Community

Mr. King's repeated conduct proves that, if released, he has no intention of following the law and will acquire additional firearms.  And given his history of using firearms, his release could have deadly consequences.  That Mr. King continues to commit these offenses and acquire firearms despite the supervision provided by parole only further proves the danger he poses to the community.

Further, that the firearm Mr. King possessed was likely used in three other shootings—including two suspected attempted murders—indicates the sort of people with whom Mr. King is associating after his release from prison.  Although Mr. King was incarcerated at the time these other shootings occurred, his ability to quickly acquire a firearm that had likely been used in multiple acts of violence further highlights the danger Mr. King poses to the community.

//

### c. The Weight of the Evidence Against King Is Overwhelming

The evidence against Mr. King is overwhelming. The firearm was found in the duffel bag he carried while he was fleeing the Task Force officers. There was no one else in the area who could have possessed the gun or the duffel bag in which it was carried.

### d. King's Criminal History and Prior Conduct—Including While on Post Release Community Supervision—Demonstrate the Danger He Poses

It is Mr. King's repeated criminal conduct that demonstrates the danger he poses to the community and proves that he has no intention of complying with any court orders. Despite the restrictions of parole, Mr. King—who has a history not only of possessing firearms, but actually assaulting people with them—continues to commit crimes by repeatedly acquiring firearms. He is a danger to the public at large.

Finally, there is simply no viable place to which the defendant can be released. Mr. King already lived in a residence that was approved by parole, and yet he fled that residence almost immediately and has continued to commit crimes.

## VI. CONCLUSION

For the reasons set forth above, the defendant presents a clear flight risk and a serious danger to the community. The Court should therefore detain the defendant pending trial.

DATED: August 15, 2024                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Jonah P. Ross*
JONAH P. ROSS
Assistant United States Attorney